# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE B. R.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 2:18-cv-06039-AFM <br><br> **MEMORANDUM OPINION AND ORDER REVERSING AND REMANDEING DECISION OF THE COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying her application for social security disability insurance benefits. In accordance with the Court's case management order, the parties have filed briefs addressing the merits of the disputed issues. The matter is now ready for decision.

## BACKGROUND

On January 16, 2015, Plaintiff applied for disability insurance benefits, alleging disability beginning May 7, 2014. Plaintiff's application was denied. (Administrative Record ["AR"] 167-179.) A hearing took place on February 15, 2017

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

before an Administrative Law Judge ("ALJ"). Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified at the hearing. (AR 114-166.)

In a decision dated June 22, 2017, the ALJ found that Plaintiff suffered from the following severe impairments: seizure disorder (psychogenic dystonia), chronic headaches, and generalized anxiety disorder. (AR 56.) After concluding that Plaintiff's impairments did not meet or equal any listed impairment, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations: occasional climbing of ramps and stairs; occasional balancing; no climbing ladders, ropes or scaffolds; no exposure to unprotected heights, operating motor vehicles, or being around moving mechanical parts; frequent handling and fingering; simple repetitive tasks and simple work-related decisions; and frequent tolerance in ability to adapt to routine work stresses. (AR 59.) Relying on the testimony of the VE, the ALJ concluded that Plaintiff was unable to perform her past relevant work as an office manager, but could perform work existing in significant numbers in the national economy. (AR 66-67.) Accordingly, the ALJ concluded that Plaintiff was not disabled from May 7, 2014 through the date of her decision. (AR 67-68.)

The Appeals Council subsequently denied Plaintiff's request for review (AR 1-7), rendering the ALJ's decision the final decision of the Commissioner.

**DISPUTED ISSUES**

1. Whether the ALJ erred in failing to consider Plaintiff's borderline age.
2. Whether the ALJ properly assessed Plaintiff's physical limitations.
3. Whether the ALJ properly assessed Plaintiff's mental limitations.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial

evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

# DISCUSSION

Plaintiff contends that the ALJ failed to consider her borderline age in reaching the step five conclusion that she was not disabled. (ECF No. 22 at 9-13.)

**A. Relevant Law**

Where, as here, a claimant has established that she suffers from a severe impairment that prevents her from doing her past relevant work, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999)). With regard to age, the regulations place claimants into one of "three age categories: younger person (under age 50), person closely approaching advanced age (age 50–54), and person of advanced age (age 55 or older)." *Lockwood*, 616 F.3d at 1071 (9th Cir. 2010) (citing 20 C.F.R. § 404.1563(c)-(e)).

A "borderline [age] situation" is presented where the claimant is "within a few days to a few months of reaching an older age category" and would be found "not disabled" if the category for the claimant's chronological age were used, but "disabled" if the older age category were applied. 20 C.F.R. § 404.1563(b);

*Lockwood*, 616 F.3d at 1071. In borderline cases, an ALJ may not apply the age categories "mechanically" and must consider exercising discretion to use the older age category rather than the category for the claimant's chronological age. 20 C.F.R. § 404.1563(b); *Lockwood*, 616 F.3d at 1071 (citation omitted). The Ninth Circuit has held that the ALJ's decision need not include an explanation of why an older age category was not used. *Lockwood*, 616 F.3d at 1071-1072 & n.2, 4; *Burkes v. Colvin*, 2015 WL 2375865, at *1 (C.D. Cal. May 18, 2015). Nonetheless, in borderline cases the ALJ must actually consider whether to use the next older age category, and the ALJ's decision must reflect that such consideration did, in fact, occur. *See Little v. Berryhill*, 690 F. App'x 915, 917 (9th Cir. 2017) (citing *Lockwood*, 616 F.3d at 1071-1072.)[2]

In *Lockwood*, the Ninth Circuit concluded that there was sufficient evidence in the ALJ's decision to demonstrate that the ALJ considered the borderline age issue, explaining the basis for its conclusion as follows:

> The ALJ mentioned in her decision Lockwood's date of birth and found that Lockwood was 54 years old and, thus, a person closely approaching advanced age on the date of the ALJ's decision. Clearly the ALJ was aware that Lockwood was just shy of her 55th birthday, at which point she would become a person of advanced age. The ALJ also cited to 20 C.F.R. § 404.1563, which prohibited her from applying the age categories mechanically in a borderline situation. Thus, the ALJ's decision shows that the ALJ knew she had discretion "to use the older age category after evaluating the overall impact of all the factors of [Lockwood's] case." 20 C.F.R. § 404.1563(b). Finally, we are satisfied the ALJ did not "apply the age categories mechanically" because the

---

[2] The Commissioner argues that the ALJ had no obligation to *apply* a later age category. (ECF No. 23 at 5.) The Commissioner's argument is correct, but inapposite. The issue presented in this case is whether the ALJ was obligated to *consider* whether to apply a later age category – and there is no dispute that she was.

4

>    ALJ "evaluat[ed] the overall impact of all the factors of [Lockwood's]
>    case" when the ALJ relied on the testimony of a vocational expert before
>    she found Lockwood was not disabled. *Id*.

*Lockwood*, 616 F.3d at 1071-1072 (footnotes omitted). Courts in this District have analyzed the three factors identified by *Lockwood* to determine whether there is enough evidence to find that the ALJ considered the borderline age issue. *See, e.g., Groom v. Berryhill,* 2018 WL 1517165, at *4-5 (C.D. Cal. Mar. 27, 2018); *Hardin v. Colvin*, 2016 WL 6155906, at *4 (C.D. Cal. Oct. 21, 2016); *Parks v. Colvin*, 2015 WL 8769981, at *2–4 (C.D. Cal. Dec. 4, 2015), *Burkes*, 2015 WL 2375865, at *2.

**B. Analysis**

Plaintiff's date of birth is July 8, 1962. (AR 66.) On June 22, 2017 (the date of the ALJ's decision), Plaintiff was 54 years old. *See Little*, 690 F. App'x at 917 (a claimant's age is calculated as of the date of the ALJ decision); *Lockwood*, 616 F.3d at 1071-1072 (same). At that point, Plaintiff was only 16 days from her 55th birthday – i.e., she was 16 days away from reaching the older age category of a person of advanced age. Consequently, the ALJ was required to consider Plaintiff's borderline age situation. 20 C.F.R. § 404.1563(b); *see, Lockwood*, 616 F.3d at 1070-1072 (borderline situation presented when claimant was "just over one month from being a person of advanced age"); *Schiel v. Comm'r of Soc. Sec.*, 267 F. App'x 660, 660-661 (9th Cir. 2008) (error in not considering whether older-age category applied when claimant was in "one-month proximity to 'person of advanced age'") (citation omitted)*; Parks*, 2015 WL 8769981, at *2-4 (ALJ obligated to consider borderline age situation where the claimant was "a mere 42 days from his 55th birthday on the date of the ALJ's decision").

While the ALJ was not required to explicitly address Plaintiff's borderline age in her decision, there must be some evidence that she actually did consider it. Here, the ALJ's decision does not present such evidence. To begin with, although the ALJ mentioned Plaintiff's date of birth (AR 66), she did not mention Plaintiff's age as of

the date of her decision. Instead, after reciting Plaintiff's date of birth, the ALJ stated that Plaintiff was "51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date." (AR 66.) Not only did the ALJ fail to acknowledge that Plaintiff was 16 days shy of being classified as advanced age, but she improperly referred to Plaintiff's age as 51 rather than 54. Thus, unlike *Lockwood*, the decision here actually suggests that the ALJ did not consider the borderline age situation. *See Hardin v. Colvin,* 2016 WL 6155906, at *4 (C.D. Cal. Oct. 21, 2016) (distinguishing *Lockwood*, where the ALJ mentioned claimant's age of 51 years old as of the alleged onset date, but by the date of the decision, claimant "was 54 years old and 5 days short of being an individual of advanced age"); *Parks*, 2015 WL 8769981, at *2-4 (fact that the ALJ relied on claimant's age at date last insured rather than date of ALJ decision undermined conclusion that ALJ considered borderline age situation); *Durkee v. Astrue*, 2012 WL 3150587, at *6 (C.D. Cal. Aug. 2, 2012) (reference to claimant's age at the date of onset undermined conclusion that the ALJ considered borderline age situation). This suggestion is particularly strong in light of the fact that Plaintiff aged into a borderline age situation between her alleged disability onset date and the date of the ALJ's decision more than three years later. *See Durkee*, 2012 WL 3150587, at *7 (ALJ's reliance on age at date of onset rendered it especially unlikely that ALJ considered borderline age situation where the claimant "went from being well over one year away from the next age category on his alleged disability onset date, to only three days away from the next age category on the date of the ALJ's decision"); *see also Little*, 690 F. App'x at 917 (finding ALJ "erroneously failed to show that she considered placing [claimant] in a higher age category" where ALJ improperly considered claimant's age at time of application rather than at time of ALJ's decision when claimant was "just five months shy" of reaching older age category).

      Second, although the ALJ's decision cites 20 C.F.R. § 404.1563, it does not cite 1563(b). Further, the citation immediately follows the ALJ's statement that

Plaintiff was 51 years old at the time of the alleged date of onset and, therefore, classified as a person "closely approaching advanced age." (AR 66.) Considered in context, it is most likely that the ALJ's citation was a reference to the definition of "closely approaching advanced age" found in subsection 404.1563(d) rather than a signal that she had considered Plaintiff's borderline age under subsection 404.1563(b). *See, e.g., Hardin,* 2016 WL 6155906, at *4 (the "ALJ's reference to § 1563 in the decision was not a cite to the borderline regulation in § 1563(b). The Court believes that the ALJ's reference to § 1563 pertains to Plaintiff's classification as a person closely approaching advanced age in § 1563(d)" and, at best, the citation is unclear); *Parks*, 2015 WL 8769981, at *4 (same); *Durkee*, 2012 WL 3150587, at *7 (same).

Last, *Lockwood* looked to evidence that the ALJ "evaluated the overall impact of all the factors" of the claimant's case when relying on the VE's testimony as part of the basis for finding that the ALJ considered the borderline age issue. *See Lockwood*, 616 F.3d at 1072. As other courts in this District have noted, *Lockwood* does not provide guidance to explain "how the ALJ's reliance on the VE's testimony showed that she considered the borderline age issue." *Parks*, 2015 WL 8769981, at *4 (citing *Durkee*, 2012 WL 3150587, at *7). Nevertheless, considering the record here, the Court finds nothing suggesting that the ALJ or the VE considered Plaintiff's borderline age. (*See* AR 116-165.) During the hearing, the ALJ asked hypothetical questions based upon "an individual of Claimant's age" but nothing in the ALJ's colloquy with the VE – or, indeed, nothing that the ALJ said during the hearing – indicates that the ALJ was even cognizant of the borderline age issue. (*See* AR 157.) *See Parks*, 2015 WL 8769981, at *4 (evidence did not show that ALJ considered borderline age issue where "ALJ never asked the VE to consider a hypothetical individual within a few days to a few months of advanced age, or even to consider a hypothetical individual closely approaching advanced age – and the VE never suggested that her testimony was in regard to such an individual"); *Durkee*, 2012 WL

3150587, at *7 (court could not say that the ALJ's reliance on the VE's testimony indicated that the ALJ evaluated overall impact of all factors where the VE did not mention claimant's borderline age and it was not apparent that the VE used it as a factor in her assessment of a hypothetical person with claimant's characteristics and limitations).

Plaintiff contends that if the ALJ had exercised discretion to place her in the advanced age category, she would be considered disabled under the grids. (ECF No. 22 at 10; ECF No. 25 at 2.) The Commissioner does not appear to dispute this contention. (*See* ECF No. 23 at 7.) Instead, the Commissioner argues that any error is harmless because Plaintiff "does not meet any of the factors that might cause an ALJ to exercise her discretion to place Plaintiff in a higher age category prior to attaining that age." (ECF No. 23 at 9.) The Court finds the Commissioner's argument unpersuasive. It is the ALJ (not this Court) who possesses the discretion to determine whether Plaintiff should be placed in the older age category, but the ALJ here did not consider that issue. *See Little*, 690 F. App'x at 917 (rejecting argument that ALJ's failure to consider claimant's proximity to the next age category was harmless error); *Hardin*, 2016 WL 6155906, at *6 (remanding where court could not determine that ALJ's error in failing to consider claimant's borderline was harmless); *Parks*, 2015 WL 8769981, at *4-5 (remanding where record failed to demonstrate that ALJ considered claimant's borderline age); *Durkee*, 2012 WL 3150587, at *7-8 (remanding where it was not apparent that the ALJ considered plaintiff's borderline age); *see also Longworth v. Colvin*, 2015 WL 1263319, at *5 (W.D. Wash. Mar. 19, 2015) ("the ALJ's error was not harmless because, unlike the situation in *Lockwood*, the record is absent of any indication that the ALJ considered the proper categories in this borderline age situation. The Court is unable to determine whether Longworth would be disabled under the advanced age metrics and there is no authority for the proposition that the Court should conduct such an evaluation.").

Finally, the Court notes that both parties devote significant space to addressing the question whether the ALJ's decision was required to include a written discussion about the borderline age issue. Relying upon two SSA internal guidance documents – i.e., the Program Operations Manual System ("POMS") and the Hearings, Appeals, and Litigation Manual ("HALLEX") – Plaintiff argues that the ALJ was so required. (ECF No. 22 at 10-13.) The Commissioner, however, correctly points out that this argument has been rejected by the Ninth Circuit. (ECF No. 23 at 8-10.) *See Lockwood*, 616 F.3d at 1072-1073 (HALLEX and POMS "[do] not impose judicially enforceable duties" on federal court or ALJ regarding borderline situations) (citations omitted). Plaintiff contends that *Lockwood* is not controlling because it was based upon a prior version of HALLEX and the current iteration now provides that the ALJ "will explain in the decision that he or she considered the borderline age situation." (ECF No. 22 at 11.) In any event, the Court need not resolve that issue because relief on this claim is warranted even without imposing such a requirement.[3]

## REMEDY

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2018). Indeed, Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. . . . If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and

---

[3] Having found that remand is warranted based on the first issue, the Court declines to address Plaintiff's remaining issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008).

ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407 (citation and internal quotation marks omitted).

Here, the record is not free from conflicts or ambiguities, and all essential factual issues have not been resolved. Instead, additional administrative proceedings could remedy the defects in the Commissioner's decision. Accordingly, the appropriate remedy is a remand.[4]

\*\*\*\*\*\*\*\*\*\*\*

IT IS THEREFORE ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 8/29/2019

_____*(signature)*_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[4] It is not the Court's intent to limit the scope of the remand.